UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:23-cr-38-VMC-LSG

EVAN KLEAVON INGRAM

_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Lindsay S. Griffin's Report and Recommendation (Doc. # 116), filed on July 28, 2025, recommending that Defendant Evan Kleavon Ingram's Motion to Withdraw Guilty Plea (Doc. # 100) be denied. Defendant filed an Objection (Doc. # 118) on August 1, 2025, to which the United States responded. (Doc. # 119).

Upon review, the Court accepts and adopts the Report and Recommendation, overrules the Objection, and denies Defendant's Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

The Court agrees with Judge Griffin that Defendant received the close assistance of counsel and Defendant's guilty plea was knowing and voluntary. The Court accepts Judge Griffin's credibility determinations made with the benefit of an evidentiary hearing. Defendant would still have pled guilty if he had known about the investigation and charges against Detective Lise, which were brought months after

Defendant's guilty plea. Importantly, Defendant learned of the charges against Detective Lise nearly 11 months before he filed his Motion to Withdraw Guilty Plea. The Court agrees with Judge Griffin's conclusion "that the continued goal even after the public news of Detective Lise's charges was to seek sentence mitigation and not to try the case. Only after the efforts at mitigation failed did the defendant seek a new attorney and a withdrawal of his plea." (Doc. # 116 at 12).

Next, the Court agrees with Judge Griffin and the United States that the conservation of judicial resources hazards against allowing Defendant to withdraw his guilty plea. Finally, the United States would be prejudiced if Defendant withdrew his plea and proceeded to trial. As the United States persuasively puts it, "[t]he case is several years old, meaning that memories have weakened, job and life circumstances have changed, and by the nature of those things, this case is not as strong as it would have been had it been tried several years ago, before the continuances the defendant requested." (Doc. # 119 at 7).

Thus, upon due consideration of the record, including Judge Griffin's Report and Recommendation and Defendant's Objection thereto, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion to

3

Withdraw Guilty Plea. The Court agrees with Judge Griffin's detailed and well-reasoned findings of fact and conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and the Objection does not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 116) is **ACCEPTED** and **ADOPTED.**

(2) Defendant Evan Kleavon Ingram's Motion to Withdraw Guilty Plea (Doc. # 100) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 18th day of August, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4